IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MIGUEL ANGEL BAROCIO,

    Petitioner,                   Case No. 2:06-cv-02678 ALA (HC)

    vs.

ROBERT A. HOREL, et al.,

    Respondents.                 <u>ORDER</u>

_____/

    Petitioner, a state prisoner proceeding *pro se*, has filed an application in this Court for a writ of habeas corpus under 28 U.S.C. § 2254(a). (Doc. 1). Respondents filed an Answer on May 24, 2007. (Doc. 12). On December 26, 2007, this Court ordered Petitioner to file a traverse within thirty-five (35) days of the date of that order. (Doc. 15). On January 25, 2008, Petitioner filed an application for appointment of counsel. (Doc. 16). On January 31, 2008, this Court again ordered Petitioner to file a traverse within thirty-five (35) days of the date of that order. (Doc. 17). On February 5, 2008, this Court denied Petitioner's application for appointment of counsel . (Doc. 18). On February 25, 2008, Petitioner filed another application for appointment of counsel, and re-filed his original petition for a writ of habeas corpus. (Doc. 20 and Doc. 19). On February 27, 2008, this Court: 1) denied Petitioner's second application for appointment of counsel; 2) stated that this Court interpreted Petitioner's filing of a second copy of his petition

for a writ of habeas corpus as an attempt to comply with the Court's order that Petitioner file a traverse; 3) notified Petitioner that such a filing did not satisfy the Court's order; and 4) ordered Petitioner to file a traverse within thirty-five (35) days. (Doc. 21).

On March 26, 2008, Petitioner filed a document, docketed as a "Letter from Miguel Angel Barolio regarding traverse," wherein he states that he filed a copy of his original petition in response to the Court's order for Petitioner to file a traverse. (Doc. 22). Petitioner also indicated that does not believe he is able to "carry on" by himself, without counsel. *Id.*

The Rules Governing Section 2254 Cases in the United States District Courts contemplate that there will be a petition and an answer. *See* Rules Governing Section 2254 Cases in the United States District Courts, Rules 2 and 5 (2004). Rule 5(e) states that "[t]he petitioner may submit a reply [historically referred to as a traverse], to the respondent's answer or other pleading within a time fixed by the judge." *Id.* at Rule 5(e). The failure to file a traverse is not fatal, so long as the petition includes all the facts supporting each ground for relief. *Id.*, Rule 2(c)(2). According to this Court's review of the record, the petition includes facts supporting each ground for relief. Therefore, it is hereby ordered that Petitioner has waived filing of a traverse and the matter is deemed submitted for review.

/////

DATED:       September 5, 2008

/s/ Arthur L. Alarcón
UNITED STATES CIRCUIT JUDGE
Sitting by Designation