IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MIGUEL ANGEL BAROCIO,

    Petitioner,                      Case No. 2:06-cv-02678 ALA (HC)

    vs.

ROBERT A. HOREL,

    Respondent.                   <u>ORDER</u>

       Miguel Angel Barocio ("Petitioner"), a state prisoner proceeding in pro se, filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a) against Robert A. Horel, et al., warden of the Pelican Bay State Prison ("Respondent") on October 31, 2006, in the United States District Court for the Central District of California. On November 27, 2006, this matter was transferred to the United States District Court for the Eastern District of California. Respondent filed his answer to Petitioner's application on May 24, 2007. On December 26, 2007, Petitioner was ordered to file a traverse within thirty-five days. On January 31, 2008, this Court again ordered Petitioner to file a traverse within thirty-five days. On February 25, 2008, Petitioner refiled his original application for a writ of habeas corpus. On February 27, 2008, this Court issued an order in which it interpreted Petitioner's filing of a second copy of his application for a writ of habeas corpus as an attempt to comply with this Court's order that

Petitioner file a traverse. This Court ordered Petitioner to file a traverse within thirty-five days. On March 26, 2008, Petitioner filed a letter in which he stated that he filed the copy of his original application for a writ of habeas corpus in response to this Court's order that he file a traverse. On September 5, 2008, this Court interpreted Petitioner's March 26, 2008, letter as a waiver of his right to file a traverse and this matter was submitted for review. After reviewing Petitioner's application for habeas corpus relief, Respondent's answer, and the record of the state court proceedings, the application for a writ of habeas corpus will be denied for the reasons set forth below.

## I

### A

Petitioner was imprisoned by a San Joaquin Superior Court after he was found guilty after a trial by jury of attempted murder in violation of California Penal Code § 215(a) (count 1), mayhem in violation of § 215(a) (count 2), vehicle theft, as a lesser included offense of carjacking in violation of § 215(a) (count 3), robbery, in violation of § 211 (count 4), and participating in a criminal street gang, in violation of § 186.22 (count 5). As to counts 1, 2, and 4, the jury found true sentence enhancement allegations that Petitioner personally used a firearm. and inflicted great bodily injury pursuant to § 12022.53(d-e). With reference to count 3, the jury found true the sentence enhancement allegations that Petitioner personally used a firearm pursuant to § 12022.5(a), and personally inflicted great bodily injury pursuant to § 12022.7(a), and committed the vehicle theft for the benefit of a criminal gang, pursuant to § 186.22(b)(1). As to count 5, the jury found true the sentence enhancement allegations that Petitioner personally used a firearm, pursuant to § 186.22(a), and infliction of great bodily harm injury pursuant to § 12022.7(a).

### B

Viewed in the light most favorable to the prosecution, as the prevailing party, the California Court of Appeal that reviewed Petitioner's direct appeal summarized the evidence

presented at trial, and credited by the jury, as follows:

> [T]he evidence showed that Winters [the victim] returned to his property one morning to find two men pumping gas from a gas tank into their pickup truck. He pulled up next to them in his pickup truck, got out, and approached them. When it looked like one of them was going to get in their pickup truck to take off, Winters reached in and took the keys out of the ignition. The men were both moving around, and one of them told Winters they had a couple of dollars they wanted to offer him for the gas. Winters told the men he really was not interested. He was talking to one of the men, trying to see what they were doing in the middle of the morning stealing gas, when he turned his back and took a few steps so he could see whether they had kicked in his shop door. This is when the shooting started. Winters was hit in the back and his legs went our from underneath him, paralyzing him. Three bullets entered his lower back: one right above his tailbone; the second, two or three inches up from his tailbone; the third, another inch and one-half above or so above that. The shooter, who [sic] Winters identified as [Petitioner], then came around the front of the truck, pointed a gun at Winters' head, and demanded the keys to their truck. After Winters tossed the keys, [Petitioner] fired one more shot which just missed Winters ear and struck him in the shoulder.

*People v. Barocio*, No. C049488, 2006 Cal. App. Unpub. LEXIS 2858, at *8-9 (Cal. Ct. App. 3d Dist. Apr. 6, 2006).

## C

The state trial court entered its judgment on February 22, 2005. It sentenced Petitioner to serve a term of thirty-five years to life imprisonment (five years for the upper term for robbery, plus a consecutive sentence of 25 years to life imprisonment for discharging a firearm and causing great bodily injury). He received an additional life term for his conviction of attempted murder, with a concurrent sentence for participating in a criminal street gang. The trial court stayed the execution of the sentence imposed for Petitioner's conviction for mayhem, vehicle theft, and the remaining enhancements pursuant to California Penal Code § 654(a).[1]

---

[1]Section 654(a) provides as follows:

> An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in

3

## II

### A

Petitioner filed a timely notice of appeal from the trial court's judgment in the California Court of Appeal, Third Appellate District. In his direct appeal, Petitioner alleged, inter alia, that he was deprived of several of his federal constitutional rights during his trial. The Court of Appeal rejected each of his federal constitutional claims in a reasoned opinion. *Barocio*, LEXIS 2858. Petitioner's request for a rehearing was denied.

Petitioner filed a petition for review in the California Supreme Court. It was summarily denied on July 12, 2006. Petitioner did not seek collateral review of the trial court's judgment and sentence under state law.

### B

Petitioner filed a timely application for a writ of habeas corpus on October 31, 2006, in the United States District Court for the Central District of California. On November 13, 2006, citing 28 U.S.C. § 2241(d), that court transferred this matter to the United States District Court for the Eastern District of California because Petitioner was convicted and sentenced in that court. In his answer to the Petitioner's application, Respondent has conceded that Petitioner's federal constitutional claims were exhausted in state court.

## III

Petitioner has raised six federal constitutional claims in his application for a writ of habeas corpus. As noted above, the California Court of Appeal rejected each of these claims on Petitioner's direct appeal. Because the California Supreme Court summarily denied review, this Court must look to the California Court of Appeal's reasoned decision rejecting Petitioner's claims to determine whether the state court erred in adjudicating Petitioner's federal

---

no case shall the act or omission be punished under more than one provision. An acquittal or conviction and sentence under any one bars a prosecution for the same act or omission under any other.

constitutional claims. *Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Avila v. Galaza*, 297 F.3d 911, 918 (9th Cir. 2002).

**IV**

**A**

Petitioner raises the following federal constitutional claims in his § 2254(a) application for habeas corpus relief: (1) his right to due process was violated because the evidence was insufficient to prove the elements of aggravated mayhem; (2) his right to due process was violated because the evidence was insufficient to prove the unlawful taking of a vehicle; (3) his right to due process was violated because the jury was not instructed on the natural and probable consequences doctrine; (4) his Sixth Amendment right to confront witnesses and to have effective representation by counsel was violated by the admission of evidence of his statement regarding his gang affiliation; (5) the trial court violated his Fifth Amendment right against self-incrimination by admitting his statement to a booking officer who failed to advise him of his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966); and (6) his Sixth Amendment right to the effective assistance of counsel was violated due to his counsel's failure to request that the jury be instructed pursuant to CALJIC No. 2.03.

**B**

In enacting the Anti-Terrorism and Effective Death Penalty Act of 1996, Congress made it more difficult for a state prisoner to obtain relief in federal court from the denial of his or her federal constitutional claims by a state court that resulted in petitioner's conviction and imprisonment. Section 2254(d) provides as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim --
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

>   (2) resulted in a decision that was based on an unreasonable
>   determination of the facts in light of the evidence presented
>   in the State court proceeding.
>
>   (e)(1) In a proceeding instituted by an application for a writ of habeas
>   corpus by a person in custody pursuant to the judgment of a State
>   court, a determination of a factual issue made by a State court shall
>   be presumed to be correct. The applicant shall have the burden of
>   rebutting the presumption of correctness by clear and convincing
>   evidence.

28 U.S.C. § 2254(d).

Thus, this Court's task under § 2254(d) is to determine whether the State court's denial of each of Petitioner's federal constitutional claims was "contrary to, or an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States."

## V

### A

Petitioner contends that the prosecution violated his right to due process because it did not prove the elements of aggravated mayhem beyond a reasonable doubt, as required by *Jackson v. Virginia*, 443 U.S. 307, 324 (1979). "A federal court has a duty to assess the historic facts when it is called upon to apply a constitutional standard to a conviction obtained in a state court." *Id.* at 318. A reviewing court must determine "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.* at 319.

California Penal Code section 205 defines aggravated mayhem as follows:

>   A person is guilty of aggravated mayhem when he or she
>   unlawfully, under circumstances manifesting extreme indifference
>   to the physical or psychological well-being of another person,
>   intentionally causes permanent disability or disfigurement of
>   another human being or deprives a human being of a limb, organ,
>   or member of his or her body. For purposes of this section, it is
>   not necessary to prove an intent to kill. Aggravated mayhem is a
>   felony punishable by imprisonment in the state prison for life with
>   the possibility of parole.

1  Cal. Pen. Code § 205.

2  Petitioner asserts correctly that "aggravated mayhem requires proof that the perpetrator
3  had the specific intent to cause the maiming injury." *People v. Park* (2003) 112 Cal.App. 4th 61,
4  64. He argues that in *People v. Anderson* (1965) 63 Cal.2d 351, the California Supreme Court
5  held that proof of an "indiscriminate attack" is not sufficient to demonstrate that the defendant
6  had the specific intent to cause a maiming injury. *Id.* at 359.

7  Petitioner argues that he fired shots at the victim in an explosion of violence "when he
8  unexpectedly appeared while petitioner and his crime partner, Mr. Arauza, were stealing
9  gasoline." Petitioner's application at 6c.

10  The California Court of Appeal held that the jury was not bound to find that defendant
11  engaged in an indiscriminate attack against his victim. Instead, it held the jury reasonably could
12  have found that defendant waited until Winters had turned away and he, in a directed and
13  controlled manner, fired three shots into Winters's lower back, with the intent to either kill
14  Winters, permanently, disable him, or deprive him of an organ.

15  In so ruling, the Court of Appeal faithfully applied the instruction of the United States
16  Supreme Court in *Jackson v. Virginia* that, in determining whether the evidence shows that each
17  essential element of a crime was provided beyond a reasonable doubt, a reviewing court must
18  view the evidence in the light most favorable to the prosecution. 440 U.S. at 319.

19  The Court of Appeal's decision was a reasonable application of clearly establish Supreme
20  Court precedent. Petitioner failed to present any evidence rebutting the Court of Appeal's
21  determination that Petitioner intended to maim his victim, as required by 28 U.S.C. § 2254(e)(1).
22  Petitioner's claim on this ground must be denied.

**B**

24  Petitioner also maintains that the prosecution violated his right to due process because the
25  evidence was insufficient to prove the unlawful taking or driving a vehicle. As noted above,
26  under *Jackson v. Virginia*, the prosecution must present sufficient evidence to persuade any

rational trier of fact of the essential elements of a crime beyond a reasonable doubt.

The Court of Appeal found that Petitioner's own testimony was sufficient to persuade a rational trier of fact of his guilt of this crime. Petitioner testified that he told Arauza, his accomplice, to move Petitioner's truck. California Vehicle Code § 10851 makes it a crime for a person to "drive [] or take [] a vehicle not his or her own, without the consent of the owner thereof, and with intent to permanently or temporarily deprive the owner thereof of his or her title to or possession of the vehicle with or without the intent to steal the vehicle." To constitute a taking of the automobile there must be an asportation, but "Any removal, however slight, of the entire article, which is not attached either to the soil, or to anything not removed, is sufficient." People v. White (1945) 71 Cal.App. 2d 524, 525. In *White*, the vehicle was moved about twenty feet before the thieves were arrested. *Id.*

The California Court of Appeal held that this evidence was sufficient to demonstrate that Petitioner was liable as an accomplice. Its determination was not contrary to the Supreme Court's decision in *Jackson v. Virginia*, nor did it involve an unreasonable application of that opinion.

## C

Petitioner asserts that his right to due process was violated because the trial court failed to instruct the jury on the natural and probable consequences doctrine and on the liability of an accessory to the offense of an unlawful taking and driving of a vehicle.

The California Court of Appeal rejected this claim. It reasoned as follows:

> The prosecution initially requested that the trial court give an instruction on the natural and probable consequences doctrine (CALJIC No. 3.02), but later withdrew that request, and the court did not give the instruction. The court also did not give an instruction on accessory liability (CALJIC No. 6.40), which no one requested.
>
> On appeal, defendant offers the novel argument that it was error for the trial court not to give these instructions-both of which address theories of criminal liability *on which the prosecution did not rely.*

> We can easily dispense with CALJIC No. 6.40. That instruction addresses a crime-being an accessory after the fact-with which defendant was not charged. (See *People v. Magee* (2003) 107 Cal.App.4th 188, 191.) Defendant offers no authority for the assertion that the trial court has a sua sponte duty to instruct on an uncharged crime that is not a lesser included offense of a crime charged in the case.
>
> CALJIC No. 3.02 need not detain us much longer. In *People v. Prettyman, supra,* 14 Cal.4th at page 248, our Supreme Court held "that instructions on the "natural and probable consequences' rule are required only when the prosecution has elected to rely on that theory of accomplice liability, and then, only when substantial evidence supports the theory." (*People v. Sakarias* (2000) 22 Cal.4th 596, 627.) Here, the prosecution elected *not* to rely on that theory. Thus, the trial court had no duty to give CALJIC No. 3.02.
>
> Defendant contends that absent the natural and probable consequences theory, "the evidence on count three is insufficient to support a finding that [he] was an accomplice in the theft of the truck." Defendant further contends that he was entitled to an instruction on that theory "as a defense to the charges."
>
> We have already ejected defendant's challenge to the sufficiency of the evidence on the unlawful taking and driving of a vehicle because his own testimony was sufficient to convict him of aiding and abetting Arauza's taking and driving of Winters's truck, even without relying on the natural and probable consequences doctrine. As for defendant's other assertion-that he was entitled to an instruction on the natural and probable consequences doctrine as a defense to the charges against him-it appears that appellate counsel, in her quest for the grail of zealous advocacy, has lost her way. It is simply beyond logic and a reason to contend that a theory of criminal liability (the natural and probable consequences doctrine) could somehow constitute a defense on which defendant was entitled to have the jury instructed. There was no error.

*Barocio*, LEXIS 2858, at *29-30.

Petitioner has failed to demonstrate that the Court of Appeal's decision on this claim was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States. Petitioner has failed to cite any authority to support his contention that it is error for a state trial court to fail to instruct the jury on a theory of criminal liability not relied upon by the prosecution. The trial court did not err in failing to instruct the jury on the liability of an accessory after the fact since that crime was not

9

alleged in the accusatory pleading.

**D**

Petitioner maintains that his Sixth Amendment rights to confrontation and effective representation were violated because his counsel failed to object to the opinion of a gang expert that Petitioner was a gang member. At trial, Detective Aaron Sam Green of the Stanislaus County Sheriff's Office testified as a gang expert. He based his opinion that Petitioner was a gang member on a booking officer's notation on jail records that Petitioner stated he was a member of the Mexican Maldino Sureños. Detective Green testified that when a prisoner is booked into a custodial facility, the booking officer asks the detainee to admit or deny gang membership "for [the prisoner's] safety so that he is not placed in a cell where rival gang members are at."

The California Court of Appeal held that it was barred from considering the merits of this claim. It held that California Evidence Code § 353 bars a reviewing court from setting aside or reversing a judgment on the basis of the erroneous admission of evidence unless the appellant has made an objection, a motion to exclude, or a motion to strike allegedly inadmissible testimony. The Court concluded that Petitioner had "forfeited his claims that the admission of . . . testimony based on the jail paperwork violated his Fifth and Sixth Amendment right. . . ." *Barocio*, LEXIS 2858, at *22.

In *Coleman v. Thompson*, 501 U.S. 711 (1991), the Supreme Court instructed that "[t]his Court will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Id.* at 729. California Evidence Code § 353 provides an adequate and independent ground for declining to review a federal constitutional question.

Petitioner also contends that he is entitled to federal habeas corpus relief because of the failure of his counsel to object to Detective Green's reliance on Petitioner's admission to the booking officer that he was a gang member denied him the effective assistance of counsel under

the Supreme Court's decision in *Crawford v. Washington*, 541 U.S. 36 (2004). *Barocio*, LEXIS 2858, at *24-25.

The California Court of Appeal held that Petitioner's trial counsel's representation did not fall below an objective standard of reasonableness because *Crawford* only applies to the right to confront out-of-court testimonial statements of the witness against an accused. *Id.* Detective Green based his opinion on Petitioner's out-of-court statement to the booking officer. The Sixth Amendment does not provide that an accused has the right to confront and cross-examine himself. Petitioner has failed to cite any decision of the United States Supreme Court that applies the *Crawford* principle under these circumstances.

Petitioner has failed to cite a decision of the Supreme Court that supports his argument that the Supreme Court's decision in *Crawford* applies to the reliance by an expert on an out-of-court hearsay declaration in forming an opinion. This Court is precluded from granting an application for a writ of habeas corpus unless the state court's decision is contrary to a decision of the United States Supreme Court.

### E

Petitioner maintains that his Fifth Amendment right not to be compelled to be a witness against himself was violated because the booking officer failed to advise him of his right to remain silent, his right to have the presence of counsel during any police interrogation, his right to have counsel appointed for him, if he is indigent, and his right to be admonished that anything he says can and will be used against him before he was interrogated. *Miranda*, 384 U.S. at 467.

The California Court of Appeal rejected this argument, relying on the United States Supreme Court's plurality opinion in *Pennsylvania v. Muniz*, 496 U.S. 582 (1995). In *Muniz*, the Court held that the *Miranda* opinion does not apply to a "routine booking question" propounded to secure "biographical data necessary to complete booking or pretrial services." *Id.* at 601. In *Rhode Island v. Innis*, 446 U.S. 291 (1980), the Supreme Court held that

> the *Miranda* safeguards come into play whenever a person in

> custody is subject to either express questioning or its functional equivalent. That is to say, the term "interrogation" under *Miranda* refers not only to express questioning, but also to any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response." *Id.* at 300-301.

The evidence presented at trial, when viewed in the light most favorable to the prosecution, demonstrates that the booking officer's questions were solely directed at ensuring that he would not be placed in a cell with rival gang members. Petitioner was not subjected to an interrogation to elicit an incriminating response. In light of the undisputed testimony that the booking officer's questions were not framed to elicit incriminating statements, it was not an unreasonable trial strategy for trial counsel not to object to the factual basis for Detective Green's opinion testimony.

## F

Petitioner also asserts that his trial counsel was also ineffective in his representation because of his failure to object to the trial court's inclusion of CALJIC NO. 2.03 in its instruction to the jury. Pursuant to CALJIC No. 2.03, the trial court instructed the jury as follows:

> If you find that before this trial the defendant made a willfully false or deliberately misleading statement concerning the crime for which he is now being tried, you may consider such statement as a circumstance tending to prove a consciousness of guilt. However, such conduct is not sufficient by itself to prove guilt, and its weight and significance, if any, are matters for your determination.

Petitioner contends that the trial court erred in giving this instruction to the jury because no evidence was presented that he made a false or misleading statement. The record does not support this argument. The prosecution presented evidence that during his interrogation by the police, Petitioner initially denied having any memory of the shooting. Later during the interview, Petitioner admitted that he shot the victim because he believed the victim had a gun.

Petitioner appears to argue that because he subsequently admitted that he shot the victim,

the falsity of his initial claim that he did not remember the incident does not demonstrate a consciousness of guilt. The California Court of Appeal disagreed with Petitioner's contention. It concluded that the jury could reasonably infer from the falsity of his original statement, that he was conscious of his guilt of shooting the victim without legal justification. Accordingly, it held that Petitioner's trial counsel was not ineffective in failing to object to the submission of CALJIC No. 2.03 to the jury. Petitioner has failed to demonstrate that the California Court of Appeal's rejection of this claim was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States. For the reasons discussed above, this Court concludes that none of Petitioner's claims merit federal habeas corpus relief.

**Conclusion**

Petitioner has failed to demonstrate that any of his federal constitutional rights were violated at his trial. Therefore, the state courts' affirmance of his conviction on direct appeal was not "contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d).

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's application for a writ of habeas corpus is DENIED.

2. The Clerk of Court is DIRECTED to enter judgment in favor of Respondents and to close this case.

/////

DATED:   October 16, 2008

/s/ Arthur L. Alarcón
UNITED STATES CIRCUIT JUDGE
Sitting by Designation